**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHNEUR WALLACH and ADAM STARKE, On Behalf of Themselves and All Others Similarly Situated<br><br>          Plaintiffs,<br><br>                    v.<br><br>THE GLAD PRODUCTS COMPANY<br><br><br>          Defendant. | Case No.  18-6503<br><br>**CLASS ACTION**<br><br><br> **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Shneur Wallach and Adam Starke (at times "Plaintiff(s)"), by their counsel, allege upon personal knowledge as to their own acts, and as to all other matters upon information and belief based upon, inter alia, the investigation made by and through their counsel, as follows:

**INTRODUCTION**

1. Defendant The Glad Products Company ("GLAD") makes and sells plastic trash bags, including "Tall Kitchen OdorShield® and ForceFlex®" brand trash bags ("Trash Bags").

2. GLAD's marketing of Trash Bags is consumer-oriented, as Trash Bags are a consumer centric product used primarily in the home to dispose of garbage, including malodorous organic waste.

1

3.  Most Trash Bags are treated with one or more scents in an effort to neutralize and mask malodorous assaults from the contents of the bags.[1]

4.  Scents used in Trash Bags consist of chemicals and often mimic various experiences of smell, e.g. Fresh Lemon, Hawaiian Aloha, etc.[2]

5.  GLAD advertises online and on its packaging that certain of its Trash Bags are "UNSCENTED," meaning that such Trash Bags contain no noticeable chemical additive in addition to the plastic itself (the "Unscented Claim" and "Unscented Trash Bags"):



6.  Customers for Unscented Trash Bags elect "unscented" by reason of personal preference, notions of ethical living, allergy, and aversion to toxic chemicals.

7.  Honest suppliers of consumer goods candidly discuss the interaction of undisclosed chemicals, allergies and consumer behavior:

---

[1] An odor is also called a "smell" or a "scent", which can refer to either a pleasant or an unpleasant odor.  https://en.wikipedia.org/wiki/Odor

[2] The human sense of smell is a primary factor in the sensation of comfort. Olfaction as a sensory system brings awareness of the presence of airborne chemicals. Some inhaled chemicals are volatile compounds that act as a stimulus, triggering unwanted reactions such as nose, eye, and throat irritation . . . A person's specific threshold, before an odor becomes a nuisance, depends also on the frequency, concentration, and duration of an odor.  *Id.*

> Look for products labeled as "fragrance-free" because products that claim "unscented" may actually contain fragrances used as masking agents. Also, look for products from companies that fully disclos[sic] ingredients, including fragrance components, so you can help avoid ingredients that may trigger symptoms.[3]

8. GLAD's Unscented Trash Bags, in fact, are *not* unscented, but rather, contain a scent to assist in the OdorShield® task of neutralizing malodors.

9. GLAD violates Sections 349-350 of the NY Gen. Bus. Law by advertising, packaging and selling Unscented Trash Bags, deceptively, pursuant to an Unscented Claim.

10. Plaintiffs, on their own behalf and on behalf of the Class, seek equitable and injunctive relief, including corrections to GLAD' packaging, advertising and marketing; and the recovery of actual damages or statutory damages of $50 per transaction during the Class Period (defined hereinafter), as authorized by Section 349(h), on behalf of a New York Class.

11. GLAD's Unscented Claim is an express (written) warranty, i.e. is part of the basis of the bargain Class members made. GLAD breaches its express warranty every time a consumer purchases Unscented Trash Bags, for which Plaintiffs seek damages on behalf of a National Class under the Uniform Commercial Code.

## JURISDICTION AND VENUE

12. Claims asserted herein arise under the laws of the State of New York (Class I) and the Uniform Commercial Code of the several states (Class II).

---

[3] https://www.seventhgeneration.com/blog/eliminating-allergy-triggers-home

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which certain of the Class members and Defendant are citizens of different states.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions alleged herein, including the marketing, advertising, purchase and receipt of the product at issue, occurred in this District.

## PARTIES

15. Plaintiff Shneur Wallach is a resident of Flushing, Queens County, New York. Plaintiff purchased GLAD's Unscented Trash Bags in 2017 at www.amazon.com.

16. Subsequent to purchasing the Unscented Trash Bags Plaintiff Wallach used GLAD's Unscented Trash Bags in the kitchen for the disposal of waste.

17. Plaintiff Wallach found the Unscented Trash Bags to have a noticeable scent.

18. Plaintiff Wallach purchased Unscented Trash Bags specifically for their "unscented" purport and is disappointed and takes great umbrage at GLAD's false advertising.

19. Plaintiff Adam Starke, a resident of Brooklyn, New York, purchased GLAD's Unscented Trash Bags on amazon.com.

20. Subsequent to receiving the Unscented Trash Bags Plaintiff used them in the kitchen for the disposal of waste.

21. Plaintiff's wife and Plaintiff found the Unscented Trash Bags highly scented.

22. Plaintiff Starke and his wife are sensitive to the "green footprint" as an ethical matter and the household, including four (4) minors, is generally averse to chemicals, and chemical scents specifically, for reasons of health.

23. Studies indicate that adults will switch from scented to unscented products to protect their children.[4]

24. Plaintiff Starke purchased Unscented Trash Bags specifically for the aforementioned reasons, and is disappointed and takes great umbrage at GLAD's false advertising.

25. The Glad Products Company is a Delaware Corporation with its principal offices in California.

26. The brand "Glad" originally belonged to Union Carbide, but was divested in 1985 to First Brands Corporation (Eveready and Energizer batteries, Glad, Simoniz, and Prestone) in the United States. In 1998, First Brands was acquired by Clorox. In 2002, Clorox allowed Procter & Gamble to buy a 10% share in Glad Products Company, thus making it a joint venture. Three years later, P&G exercised its option under the agreement to increase its ownership to 20%, the maximum allowed under the joint venture agreement.[5]

---

[4] "Lots of people buy lotion, but one of Pole's colleagues noticed that women on the baby registry were buying larger quantities of unscented lotion around the beginning of their second trimester." https://www.nytimes.com/2012/02/19/magazine/shopping-habits.html?_r=1&pagewanted=all&pagewanted=print

[5] https://en.wikipedia.org/wiki/The_Glad_Products_Company

**SUBSTANTIVE ALLEGATIONS**

27. The Glad OdorShield® and ForceFlex® Plus line of 13-gallon trash bags is the industry leader in its class, by reason of flexible design, useful drawstrings, and strength.

28. OdorShield® Trash Bags carry a guaranty of odor neutralization for 5 days. GLAD advertises widely as follows:

> 5 DAY ODOR CONTROL: OdorShield technology guarantees protection against the strongest trash odor, refreshing your kitchen with Fresh Clean scent

29. Most of GLAD's Trash Bags have a scent but, to satisfy the preference and needs of a growing segment of "green" consumers, GLAD introduced an "unscented" alternative, making the same essential guaranty of odor neutralization found in scented Trash Bags:

> 5 DAY ODOR CONTROL: The ForceFlexPlus kitchen garbage bags are unscented with OdorShield technology, guaranteed to neutralize the strongest trash odors
>
> https://www.amazon.com/Glad-ForceFlexPlus-Kitchen-Drawstring-Unscented/dp/B075MFCKJY/ref=dp_ob_image_hpc

30. Even the audio portion of GLAD's online advertisements features the Unscented Claim: "It's even available in unscented odor control"[6]

31. Contrary to its representations GLAD inserts an undisclosed scent between the layers of Unscented Trash Bags for purposes of odor control.

---

[6] https://www.glad.com/trash/kitchen/tall-kitchen-forceflex-plus-drawstring-bags/

32. On information and belief, scented Trash Bags may have two or more scents while Unscented Trash Bags may have a single scent.  Thus, the customer does not get a Fresh Lemon or Hawaiian Aloha "message," but lurking within the Unscented Trash Bags is a different, less noticeable scent, part and parcel of the OdorShield®, a scent that GLAD seeks to train its customers to accustom themselves.[7]

33. A single scent may have dozens of chemicals that are not disclosed to the consumer; hence, "green" consumer caution.  GLAD completely frustrates its purchasers of Unscented Trash Bags by surreptitiously inserting chemical scent in the product.

34.  Consumers may or may not detect and identify (as a scent) the scent that GLAD has represented deceptively is not there.  In fact, GLAD's representation of unscented odor control is false.

35. Plaintiffs both ceased using Unscented Trash Bags upon or soon after detecting the scent; but other class members, perhaps unaware aware of the scent or believing that the odor they smell is from the plastic itself, may unknowingly

---

[7] GLAD makes extensive use of "Febreze," a product engineered by Proctor & Gamble as a household odor eliminator.  It's main constituent is Cyclodextrin, a chemical said to trap odors.  Febreze evolved in aromatic form.  Proctor & Gamble uses "fragrance" in Febreze to create what it refers to as " light, fresh scent you love."  See https://www.febreze.com/en-us/learn/febreze-ingredients  The success of Febreze has convinced GLAD that consumers will adjust to whatever odors they become accustomed to . . . even, for example, a houseful of cats ("[w]hat P&G realized was that people like the cat lover in Phoenix developed habits that desensitized them to the horrible odors in their lives.")  https://www.forbes.com/sites/petercohan/2012/02/19/jurassic-park-how-pg-brought-febreze-back-to-life/#49c1ad827f6d

expose themselves to dozens or hundreds of undisclosed chemicals, some toxic, over a long period of time.  See note 7 above.

36. GLAD's  so-called "sweet spot" as a marketer is "[c]onsumers who live in households that are heavy users of Glad trash bags (defined as four or more boxes in 30 days)."[8]  Such consumers are in frequent if not near-constant contact with GLAD's undisclosed chemical scent.

37.  GLAD's Trash Bags typically cost about $.18 apiece:



**Glad ForceFlexPlus Tall Kitchen Drawstring Trash Bags - Unscented -13 Gallon - 100 Count (70427)**
by Glad
Be the first to review this item

Price: **$17.95 – $186.32**
Sale:  Lower price available on select options

Size:

[ Select ˅ ]

- 13 GALLON WHITE PLASTIC TRASH BAGS: Handle all kitchen and office demands with Glad's 13 gallon tall kitchen garbage bags
- FORCEFLEX STRENGTH: Stretches to prevent rips and tears with the Glad's Stretchable Strength design, allowing these tall trash bag to expand over sharp edges
- 5 DAY ODOR CONTROL: The ForceFlexPlus kitchen garbage bags are unscented with OdorShield technology, guaranteed to neutralize the strongest trash odors
- 5 DAY ODOR CONTROL: The ForceFlexPlus kitchen garbage bags are unscented with OdorShield technology, guaranteed to neutralize the strongest trash odors
- CLEANING MADE EASY: Glad ForceFlexPlus garbage bags are made with two layer technology designed and tested to guard against leaks, rips and tears and provide the strength you need for busy kitchens and offices

Click image to open expanded view

38. Customers of Unscented Trash Bags pay the $.18 believing that Trash Bags are unscented.

39. There are in fact unscented bags in the marketplace, possessing some but not all of GLAD's strengths (i.e. strength, flexibility, drawstring) which were, during the Class Periods, priced at far less than $.18; and such bags were direct competitors

---

[8] https://www.forbes.com/sites/annemariekelly/2011/10/28/glad-trash-bags-go-greener/#4abe9cf86efc

that challenge GLAD "head-on":[9]



40. Believing Unscented Trash Bags to be truly unscented, Class members paid more

for Unscented Trash Bags than they needed to pay to obtain scented or unscented

trash  bags from GLAD's competitors; and Class members are entitled to recover

some or all overpayments for non-conforming, Unscented Trash Bags.  That

differential is approximately $.08 per Bag:

---

[9] "Clean Fresh Scent" at https://www.amazon.com/Amazon-Brand-Solimo-Kitchen-Drawstring/dp/B07BJ4HJ7T



41. Competitive bags entice consumers with risk-free trials, as in the image just above; but some Class members do not take advantage of the risk-free trials because they believe they are buying genuine unscented trash bags under the GLAD brand for which comparable trash bags are unavailable elsewhere at $.18 per bag.  As to all Class members, this true of at least their first purchase of Unscented Trash Bags.

42. Plaintiff Starke switched to Solimo bags and is satisfied with them, although they are not comparable to GLAD in terms of strength and tear/leak resistance.

43. Some Class members however, such as Wallach, migrate to truly unscented trash bags, also available in risk-free trials, and pay a premium therefore.

44. Truly unscented trash bags *with odor control,* known as simplehuman® Extra Strong Trash Bags, are available with a strength, drawstring and flexibility comparable to GLAD.

45. In fact, GLAD advertises that its Unscented Trash Bags are comparable to

10

simplehuman® Extra Strong Trash Bags, Category J:[10]

> COMPARABLE TO SIMPLEHUMAN BAGS J AND K: With Glad's two layer technology, this Glad 13 gallon trash bag guards against leaks, rips and tears and is comparable in size to SimpleHuman bags J and K

46. Specifically, simplehuman® Extra Strong Trash Bags, to which Wallach migrated, use a carbon-lining technology that controls odor, *without scent*. Simplehuman's comparable trash bags cost approximately $.28 apiece:



**simplehuman**

## simplehuman® Code J 100-Pack 38-40-Liter Custom Fit Liners in White

★★★★★  37 Reviews  |  Product Q&A

**$27.99**

**Free Shipping on Orders Over $39** ⓘ



Part of the simplehuman® Brushed Stainless Steel Fingerprint-Proof 45-Liter Semi-Round Sensor Trash Can

47.  By reason of GLAD's false representation of comparability, some consumers are persuaded to stick with GLAD rather than spend $.10 per bag extra for "comparable" simplehuman® trash bags.

---

[10] https://www.amazon.com/Glad-ForceFlexPlus-Kitchen-Drawstring-Unscented/dp/B075MFCKJY/ref=sr_1_4_a_it?ie=UTF8&qid=1542227632&sr=8-4&keywords=glad+unsigned+trash+bags

48. Accordingly, in addition to Class members overpaying $.08 per bag for Unscented Trash Bags, Class members concurrently received insufficient consideration, i.e. benefit of the bargain damages, of approximately $.10 per bag purchased,[11] for which all Class members are entitled to recover as to all of their purchases of Unscented Trash Bags.

## GLAD ADVERTISING UNIFORMLY VIOLATES THE LAW

49. GLAD creates standard packaging and advertising copy that is used, essentially unchanged in material parts, on various websites and stores,, including amazon.com visited by Plaintiffs just prior to purchasing Unscented Trash Bags.

50. Plaintiffs read the GLAD advertisements and packaging  set forth herein and, but for the Unscented Claim, would not have purchased the Unscented Trash Bags at the $.18 price point.

51. The advertising and packaging of Unscented Trash Bags is a clear violation of New York's consumer deception law for the simple reason that Unscented Trash Bags are advertised as free of chemical scent but in reality contain chemical scent.

52. The practice identified in the previous paragraph hereof violate the Federal Trade Commission's rules and formal guidance relating to "claims about the environmental attributes of a product,"[12] as well as those addressing internet

---

[11] https://www.amazon.com/simplehuman-Custom-Liners-Kitchen-Strong/dp/B00VU78HWU/ref=sr_1_7?ie=UTF8&qid=1542209916&sr=8-7&keywords=simplehuman+trash+bags
[12] Revised Guides For The Use Of Environmental Marketing Claims (FTC 2012)("Green Guides"), reprinted at https://www.law.cornell.edu/cfr/text/16/part-260

advertising,[13] including:

- **16 CFR § 260.9 Free-of claims. (a)** It is deceptive to misrepresent, directly or by implication, that a product, package, or service is free of, or does not contain or use, a substance. Such claims should be clearly and prominently qualified to the extent necessary to avoid deception.

- FTC has long required that "[m]arketers must ensure that all reasonable interpretations of their claims are truthful, not misleading, and supported by a reasonable basis before they make the claims." See FTC Policy Statement Regarding Advertising Substantiation, 104 FTC 839 (1984). A reasonable consumer would believe, based upon GLAD's advertising and labeling, that Unscented Trash Bags are in fact unscented.

- GLAD creates a reasonable consumer expectation that Bags are unscented by prominently using the word "unscented" so as to have exposed every Class member to the Unscented Claim.[14]

New York Courts have historically followed the FTC pronouncements as to deceptive consumer sales and marketing practices: "[i]ndeed, § 349 was enacted 'to follow in the steps of the [FTC] with respect to the interpretation of deceptive acts and practices outlawed in Section 5 of the [FTC] Act.' *State by Lefkowitz* v. *Colo. State Christian Coll. of Church of Inner Power, Inc.*, 76 Misc. 2d 50, 346 N.Y.S.2d 482, 487 (N.Y. Sup. Ct. 1973)." *Braynina v. TJX Cos.,* 2016 U.S. Dist. LEXIS 131562, at *18 (S.D.N.Y. 2016).

---

[13] Disclosures: How to Make Effective Disclosures in Digital Advertising, reprinted at https://www.ftc.gov/system/files/documents/plain-language/bus41-dot-com-disclosures-information-about-online-advertising.pdf ("Ad Guide")

[14] "Marketers should not make broad, unqualified general environmental benefit claims like "green" or "eco-friendly." Broad claims are difficult to substantiate, if not impossible." https://www.ftc.gov/tips-advice/business-center/guidance/environmental-claims-summary-green-guides

## CLASS ACTION ALLEGATIONS

53. Without prejudice to later expansion or modification, Plaintiffs bring their action as members and/or representatives of two (2) classes ("Classes"). Class I consists of all persons or entities in New York who purchased Unscented Trash Bags during the three-year period preceding commencement hereof ("Class" and "Class Period").

54. Class II consists of those who, not for resale, purchased Unscented Trash Bags within the United States and within the applicable statutory period. ("UCC Class").[15]

55. Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest, and any of the Defendant's subsidiaries, affiliates, and officers, directors, or employees, and any legal representative, heir, successor, or assignee of Defendant.

56. This action has been brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57. The members of each Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is

---

[15] "As courts have noted, state contract law defines breach consistently such that the question will usually be the same in all jurisdictions. *See Klay*, 382 F.3d at 1263 ("A breach is a breach is a breach, whether you are on the sunny shores of California or enjoying a sweet autumn breeze in New Jersey."); *see also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n.8, 115 S. Ct. 817, 130 L. Ed. 2d 715 (1995) ("[C]ontract law is not at its core diverse, nonuniform, and confusing" (internal quotation marks omitted)). The uniformity is even more pronounced in this matter, moreover, as all the jurisdictions implicated have adopted the UCC." *Catholic Health Care W. v. US Foodserv.* (In re US FoodServ. Pricing Litig.), 729 F.3d 108, 127 (2d Cir. 2013) .

14

informed and believes, and on that basis alleges, that tens of thousands of persons are members of each Class.

58. There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

59. Common questions of law and fact exist as to all members of each Class. These common questions predominate over the questions affecting only individual Class members.

60. The questions common to members of the Classes as applicable are, inter alia:

   a. Whether Unscented Trash Bags are unscented;

   b. Whether Defendant engaged in unlawful, deceptive or unfair acts and practices in violation of Sections 349-350 of New York's General Business Code;

   c. Whether Plaintiff and the Class are entitled to the injunctive relief;

   d. The nature and extent of damages or other remedies to which proposed Class members are entitled as a result of Defendant's wrongful conduct;

   e. Whether, absent Defendant's representations and non-disclosures, the market value of the relevant product would be less than prices paid by the respective Class members, such that the members of the Class suffered out-of-pocket loss as a result of Defendant's representations and non-disclosures;

   f. Whether authentic unscented trash bags are worth more than the Unscented Trash Bags, such that members of the Classes did not receive the benefit of their bargain, but rather, suffered an insufficiency of consideration;

   g. Whether Defendant expressly warranted to Class members that Unscented Trash Bags are unscented;

61. Plaintiffs' claims are typical of the claims of the members of each Class as all members of such Classes are similarly affected by Defendants' wrongful conduct.

15

Plaintiffs and all members of each Class have sustained monetary damages arising out of the GLAD's violations of statutory law as alleged herein.

62. Plaintiffs' claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiffs have no interests antagonistic to the interests of the other members of the proposed Classes and are subject to no unique defenses.

63. Plaintiffs are similarly situated in interest to all of the members of the proposed Classes, are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiffs are adequate representatives of each proposed Class and will fairly and adequately protect the interests of the Classes.

64. Plaintiffs explicitly reserve the right to add additional class representatives. Plaintiffs will identify and propose class representatives with the filing of Plaintiff's motion for class certification, or otherwise as ordered by the Court.

65. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.

66. There will be no undue difficulty in the management of this class action. Individualized litigation presents the potential for inconsistent or contradictory judgments. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive

16

supervision by a single court.

## COUNT I:

### New York Consumer Protection from Deceptive Acts and Practices Act
### (N.Y. Gen. Bus. Law §§ 349)

67. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 66 as if fully set forth herein.

68. New York General Business Law ("NYGBL") §349 provides: "Deceptive acts or practices in the conduct of any business, trade or commerce or the furnishing of any service in this state are hereby declared unlawful."

69. GLAD represents that the Unscented Trash Bags at issue herein are unscented.

70. GLAD does not disclose that Bags are scented with undisclosed chemicals which Class members have consciously chosen to avoid.

71. The Unscented Claim is and was false and misleading, and misstated the qualities, characteristics and/or ingredients of the Unscented Trash Bags at issue.

72. Defendant violated its duties of disclosure because its Unscented Claim tended to leave consumers woefully misinformed and misled as to the true character of GLAD's Unscented Trash Bags.

73. Defendant's conduct by way of its affirmative representations and non-disclosures misled Plaintiffs and are and were likely to mislead a reasonable consumer.

74. Defendant's conduct constitutes one or more violations of NYGBL §349.

75. Plaintiffs and the Class suffered harm as a result of Defendant's statutory violations in that they purchased the Unscented Trash Bags, which they would not have purchased but for Defendant's representations and failures to disclose, and certainly not at the prices they paid.

76. Class members are entitled under Section 349 to recover $50 per transaction involving the purchase of Unscented Trash Bags by Class members.

77. Plaintiffs and the said Class uniformly suffered "out of pocket" loss, $.08 per bag, as a result of Defendant's violations of the Section 349, in being deceived into overpaying for trash bags they wished not to purchase.

78. In addition to overpaying for what they did receive, class members received less than that for which they paid, i.e. they did not receive the benefit of their bargain. Authentic unscented trash bags are more expensive at $.28 apiece than inauthentic Unscented Trash Bags at $.18 apiece.  Class members are entitled to recover $.10 per bag purchased.

## COUNT II

### Violation of §§349-350 of the New York General Business Law (Injunction)
### On behalf of Plaintiffs, Individually

79. Plaintiffs re-allege all preceding allegations as though set forth at length.

80. Plaintiffs are entitled to obtain injunctive relief to protect the public from GLAD's deceptive practices:

> Given the afore cited purpose of the statute, to encourage private enforcement of consumer protection, to strongly deter deceptive business practices, and to supplement the activities of the New York State Attorney General in prosecuting consumer fraud complaints, I hold that the Legislature intended the irreparable injury at issue to be irreparable injury to the public at large, not just to one consumer.

*Schatz v. Cellco P'ship*, 842 F. Supp. 2d 594, 608 (S.D.N.Y. 2012), citing

*McDonald v. North Shore Yacht Sales, Inc.,* 134 Misc. 2d 910, 513 N.Y.S.2d 590

(Sup. Ct. 1987).

81. Plaintiffs are entitled to an injunction against Defendant's use of the Unscented Claim or words conveying the same meaning -- on packaging, marketing, labeling or advertising materials encountered by purchasers of the GLAD Trash Bags.

82. Plaintiffs are further seeking an order enjoining Defendant's violations of the NYGBL including, but not limited to, an order:

(a)     Requiring Defendant to immediately remove all advertisements, packaging and labeling of the Unscented Trash Bags to the effect that same, or their constituent materials, are "unscented."

(b)     Requiring Defendant to prominently disclose on the front of the product labels and product packaging in bold print and large font that "**THIS PRODUCT IS NOT FREE OF SCENT"** in order to cure the false advertising Defendant has been disseminating for years.

(c)     Requiring Defendant to prominently disclose on its website the following statement: "**OUR TRASH BAGS ALL CONTAIN SCENT."**

## COUNT III

**Breach of Express Warranty on behalf of UCC Class**

83.    Plaintiffs restate and re-allege paragraphs 1 through 82 as if fully set forth herein.

84.    GLAD extends express written warranties that the Unscented Trash Bags are free of scent.

85.    Such express, written warranties became part of the basis of the bargain as to purchasers of Unscented Trash Bags.

86.    GLAD breached the express warranties by manufacturing and selling Unscented Trash Bags that did not conform to the Unscented Claim aforesaid.

87.    Plaintiffs, on behalf of themselves and the UCC Class, are seeking damages including, but not limited to, the difference between what the market value of the Bags would have been but for Defendant's representations and/or failures to disclose, and what Plaintiffs and Class members paid.

88.    Plaintiffs have given GLAD notice as specified in N.Y. U.C.C. 2-607 (3)(a). Specifically, Plaintiff Starke discussed this matter with GLAD at their designated

customer support line, within days after first opening Unscented Trash Bags, whereupon GLAD agreed to send Plaintiff coupons entitling Plaintiff to acquire other GLAD products.  GLAD never sent Plaintiff the promised coupons and Plaintiff has withdrawn—and does hereby withdraw-- any offer to resolve this matter for coupons. GLAD did send Plaintiff a letter stating erroneously that coupons were enclosed. The letter confirmed that Unscented Trash Bags do in fact contain a scent and that Plaintiff will encounter a scent in all OdorShield® products, regardless of the Unscented Claim. Hence, GLAD instructed Plaintiff Starke to avoid all OdorShield® products.  Exhibit 1.

89.   Plaintiffs, on behalf of themselves and the Classes, are further seeking damages for not having received promised consideration, i.e. authentic unscented trash bags, equal to the differential in the value of authentic unscented trash bags that Plaintiffs paid for, and Unscented Trash Bags that plaintiff received.  That differential is $.10 per bag.  See ¶47, *supra*.

WHEREFORE Plaintiffs, on behalf of themselves and the Class, pray as follows:

a.   An order certifying this case as a class action, designating Plaintiffs as the representatives of the Class and their counsel as class counsel;

b.   A permanent injunction against GLAD affording the relief specified in paragraph 82 hereinabove and such other and further injunctive relief as the Court may deem necessary and appropriate;

c.   Statutory damages pursuant to NYGBL §349;

d.   Actual damages;

e.   Attorney fees; and

f.   Costs.

## JURY DEMAND

Plaintiff demands a trial by jury as to all triable issues.

/s/Mark Schlachet_____
Mark Schlachet
Law Offices of Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390
Email: markschlachet@me.com

***Attorney for Plaintiffs and the Class***